**O**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.A., et al, ) | |
| ) | No. EDCV-09-01388-JLQ |
| Plaintiffs, ) | |
| ) | MEMORANDUM RE: |
| vs. ) | PROPOSED SETTLEMENT and |
| ) | ALLOCATION |
| CITY OF SAN BERNARDINO, et al, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Pursuant to court Order, on March 8, 2012, counsel for the Plaintiffs filed a Status Report (ECF No. 151) with a proposed allocation of settlement monies between the Plaintiffs.

Without a determination as to whether the proposed settlement is reasonable or whether the proposed allocation of settlement monies to the minor Plaintiffs J. A.and J.D.A. and the other Plaintiffs might be proper, to enable the court to make judgments regarding those matters, counsel for the Plaintiffs shall file a Memorandum addressing, *inter alia,* the following matters:

1. Why, in the opinion of counsel, the proposed settlement of $575,000 is reasonable in view of the circumstances of the shooting death of the decedent;

2. Why the proposed allocation of settlement funds between the various Plaintiffs, if the settlement is approved by the court, is an appropriate allocation. In connection therewith the court shall be advised, *inter alia,* of the following:

    a. The legal and in fact relationship of Sherry Watson to the decedent and the entitlement of Sherry Watson to recover wrongful death damages as the result of the death of the decedent. California law shall be cited. The amount of the proposed

ORDER - 1

allocation to Sherry Watson shall also be addressed as it relates to the minor Plaintiffs;

   b. The legal and in fact relationship of Jerry Allen to the decedent and the entitlement of Jerry Allen to recover wrongful death damages as the result of the death of the decedent. California law shall be cited. The amount of the proposed allocation to Jerry Allen shall also be addressed as it relates to the minor Plaintiffs.

3. Counsel shall advise the court as to any proposed distribution of funds to the mother or custodian of the minor Plaintiffs during their minority from the proceeds of funds allocated to or for the benefit of the minor Plaintiffs.

4. The court shall also be advised as to the proposed allocation of attorney fees to counsel for the Plaintiffs. The amount of attorney fees to be paid by adults is subject to a limited reasonableness inquiry for adult settlements, as opposed to that required of the court in the settlement of claims of minors where the court sits in a fiduciary capacity, particularly where the minors are not represented by an independent attorney as a guardian *ad litem*.

5. Since the court has not approved the settlement of the minor's claims and the matter is still pending including possible trial in the event settlement is not approved, counsel for the Plaintiffs may file any portion of the response to this Memorandum containing confidential or attorney-client matters by an *ex parte* filing for the court only.

The Clerk shall enter this Memorandum and furnish copies to counsel.

Dated this 15th day of March, 2012.

s/ Justin L. Quackenbush
JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 2